IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:15CR3063 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PARTIES'** |
| vs. | ) | **STIPULATION REGARDING** |
| | ) | **FORENSIC COMPUTER** |
| JOSHUA J. JUST, | ) | **EXAMINATION** |
| | ) | |
| Defendant. | ) | |

The United States of America and Joshua A. Just stipulate as follows:

1. For the purposes of this Stipulation:

a. The term "Defendant's counsel" refers to Defendant's counsel of record, Clarence E. Mock III, and any other attorney employed by the law firm of Johnson and Mock.

b. The term "Government" refers to the United States of America, its agents and representatives.

c. The term "defense expert" refers to Daniel Meinke and any other employee of Computer Forensic Resources, Inc.

d. The term "defense hard drive" refers to a forensically searchable image of digital media seized during execution of a search warrant on April 9, 2015 at 12207 742 Road, Funk, Phelps County, Nebraska, containing alleged child pornography at issue in this case, to-wit:

1. Toshiba Qosmio, model X875-Q7390, Serial #3D036425Q;
2. Samsung 500GB hard drive, model ST500LM012, Serial #S2ZYJ9BDAO 1434;
3. Seagate 250GB hard drive, model ST9250827AS, Serial #5RG70DFR;
4. Hitachi 400GB.hard drive, model HDT725040VLA360, Serial #VFD301R30ZRD;
5. Toshiba 1 TB hard drive, model MQOIABDIOO, Serial #Z2PDF82NS;
6. Toshiba laptop, model C655-55307, Serial #XB1425420;
7. Seagate 320GB hard drive, model ST9320421AS, Serial #5TJ03P4L; and

       8. Western Digital 2TB hard drive, model WD20EARX, Serial #WCAZH088890.

2. The parties agree the following conditions, if ordered by the Court, will serve the government's interests in protecting against additional harm to victims by further dissemination of contraband images while permitting Just's defense counsel to effectively prepare for trial:

    a. Just's defense expert and a designated representative of the government shall confer for the purpose of providing the defense expert with information about the quantity of the electronic data in the possession of the government, the data's format and any other issues directly relevant to facilitating defense expert's examination of the electronic data.

    b. The defense expert shall send a forensically wiped hard drive to the government and the government shall use this hard drive to create a defense hard drive.

    c. The government shall transfer the defense hard drive directly to the U.S. Attorney's office in Sioux Falls, South Dakota to the attention of AUSA Jeff Clapper who will arrange for viewing of the forensically copied hard drive by Just's defense expert utilizing the defense expert's equipment already located within a secure area within the South Dakota U.S. Attorney's office under the procedure currently employed in other cases by the South Dakota U.S. Attorney's office and Just's defense expert.

    d. Neither Just's defense counsel nor Just's defense expert shall make or permit to be made any copies of alleged child pornography present in the defense hard drive and shall not remove any alleged child pornography from the South Dakota U.S. Attorney's office facility. However, Just's defense expert will be allowed to copy all or a portion of any file that is not child pornography contraband and compile a report (without contraband images/videos) documenting the defense expert's examination on removable media at the discretion of the defense expert.

    e. The government shall not attempt to record any audio generated from the defense expert's work station and no attempt shall be made to observe the defense team's work product or computer monitor screen at any time. Just's defense expert may use encryption software to ensure protection of defense expert's work product.

3. The above-described procedure relates solely to the facts and circumstances of this case. Furthermore, an Order by the Court related to the subject matter of this Stipulation does not constitute a waiver by the government regarding procedures generally employed for conducting forensic review of child pornography.

4. By signing this Stipulation Just does not waive any constitutional challenge to 18 U.S.C. § 3509(m).

5. The parties jointly request the Court enter an Order in conformance with this Stipulation.

UNITED STATES OF AMERICA,
DEBORAH R. GILG, U.S. Attorney, Plaintiff,

BY _____
Matt E. Lierman, No. 22191
Assistant Attorney General
Special Assistant
United States Attorney
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
(402) 471-1908 (O)
(402) 471-3591 (F)
matt.lierman@nebraska.gov

JOSHUA J. JUST, Defendant,

By /s/ Clarence E. Mock
Clarence E. Mock, No. 15443
JOHNSON AND MOCK, PC, LLO
307 N. Oakland Ave.
PO Box 62
Oakland, Nebraska 68045
(402) 685-5647
cmock@johnsonandmock.com

IT IS ORDERED:

The terms of the parties' stipulation, as set forth above, are hereby approved and ordered by the court.

Dated this 19th day of August, 2015.

*[signature]*
United States Magistrate Judge