IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3063 |
| vs. | MEMORANDUM AND ORDER |
| JOSHUA J. JUST, | |
| Defendant. | |

    This matter is before the Court on the Magistrate Judge's Findings and Recommendation on Plea of Guilty (filing 59) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

    The Court notes that at the change of plea hearing (filing 62), the Magistrate Judge did not inform the defendant of "the court's authority to order restitution[.]" *See* Fed. R. Crim. P. 11(b)(1)(K). However, the Court finds that the omission was harmless, because it did not affect the defendant's substantial rights. *See* Rule 11(h). While the defendant was not informed in open court about the Court's authority to order restitution,[1] the petition to enter guilty plea establishes that the defendant was informed of the possibility of restitution. Filing 58 at 4. The defendant indicated that his counsel had explained each question of the petition to him, and that he answered each question before signing the petition. Filing 62 at 4-5. The defendant testified that he had read the petition and that each of his answers in the petition were truthful. Filing 62 at 5.

    The Court also notes that the defendant was advised in court that the offense carried a potential fine of up to $250,000. Filing 62 at 3, 9. The Eighth Circuit has held that the failure to advise a defendant of the court's authority to order restitution is harmless where the defendant is warned of a potential

---

[1] Restitution is at issue because the defendant pled guilty to possessing material containing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). Therefore, restitution is mandatory. *See* 18 U.S.C. § 2259(b)(4).

Having reviewed the record, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See*, *United States v. Gillen*, 449 F.3d 898, 903-04 (8th Cir. 2006); *United States v. McCarthy*, 97 F.3d 1562, 1574-76 (8th Cir. 1996); *United States v. Young*, 927 F.2d 1060, 1061-63 (8th Cir. 1991). The defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what he already knew. *Young*, 927 F.2d at 1063. The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. *See Peretz v. United States*, 501 U.S. 923, 936-39 (1991).

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on Plea of Guilty are adopted.

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.

3. This case shall proceed to sentencing.

Dated this 27th day of July, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[2] While the amount of restitution to be ordered in this case has not yet been determined, it seems unlikely that restitution would exceed $250,000. Should evidence to the contrary be presented, the Court will act accordingly.